UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.241.44.162,<br><br>　　　　　Defendant. | Case No. 25-cv-08477-TSH<br><br>**ORDER GRANTING EX-PARTE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 8 |

**THIS CAUSE** came before the Court upon Plaintiff's Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, and the Court being duly advised does **FIND, ORDER AND ADJUDGE**:

　　1. Plaintiff has established "good cause" exists to serve a third-party subpoena on the internet service provider, Comcast Cable Communications, LLC (the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. Sep. 3, 2008) (collecting cases); *Strike 3 Holdings, LLC v. Doe*, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023).

　　2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach a copy of this Order to the subpoena;

　　3. Plaintiff may also serve a Rule 45 subpoena in the same manner on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant;

　　4. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5),[1] the ISP shall

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant

1   comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to the Defendant; and

2       5. **The ISP shall serve a copy of the subpoena and a copy of this order on the**

3   **subscriber within 30 days of the date of service on the ISP.**  The ISP may serve the subscribers

4   using any reasonable means, including written notice sent to the subscriber's last known address,

5   transmitted either by first-class mail or via overnight service.

6       6. Each subscriber and the ISP shall have **30 days** from the date of service upon him, her,

7   or it to file any motions in this court contesting the subpoena (including a motion to quash or

8   modify the subpoena).  If the 30-day period lapses without the subscriber contesting the subpoena,

9   the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with

10  respect to that subscriber.

11      7. The ISP shall preserve all subpoenaed information pending the ISP's delivering such

12  information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with

13  respect to such information.

14      8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena

15  served on the ISP for the purpose of protecting and enforcing its rights as set forth in the

16  Complaint.  Plaintiff may not publicly disclose the information obtained based on this subpoena

17  without leave of the Court—at least until the Doe defendant has had an opportunity to file a

18  motion to proceed anonymously, or further discovery has been taken.  All references to

19  Defendant's identity must be redacted and filed **UNDER SEAL** until further notice.

20      **IT IS SO ORDERED.**

22  Dated: October 17, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).